# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MELISSA SCHUELER, et al., | CASE NO. SACV07-342 CJC (MLGx) |
| Plaintiffs, | |
| vs. | [~~PROPOSED~~] PROTECTIVE ORDER |
| H&R BLOCK MORTGAGE CORPORATION, et al., | [Filed Concurrently with Stipulation Regarding Confidentiality] |
| Defendants. | |

Pursuant to the Parties' Stipulation and for good cause shown, IT IS HEREBY ORDERED:

1.      If a Party believes in good faith that a document or information produced in this action contains confidential, proprietary or private information, it may designate such document or information as Confidential Information pursuant to the procedures in this Order.

2.      For purposes of this Order, the term "Confidential Information" shall be defined as information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

3.      For the purposes of this Order, the term "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (including their support staff).  The term "Producing Party" means any Party that produces Confidential Information, and the term "Receiving Party" means any Party that receives Confidential Information.

1      4.    The Parties acknowledge that this Order does not confer blanket

2  protections on all disclosures or responses to discovery and that the protection it

3  affords extends only to the limited information or items that are entitled under the

4  applicable legal principles to treatment as confidential.  The Parties further

5  acknowledge that this Order creates no entitlement to file confidential information

6  under seal and that Civil Local Rule 79-5 sets forth the procedures that must be

7  followed and the standards that will be applied when a Party seeks permission to

8  file material under seal.

9                **DESIGNATION OF CONFIDENTIAL INFORMATION**

10      5.    Nothing may be designated by the Parties as confidential unless it

11  meets the definition of "Confidential Information" set forth herein.  The Parties

12  agree that the designation of any materials or information as confidential will be

13  used only for good cause.  No Party shall designate information as confidential

14  unless such Party holds a good faith belief that any such information should be so

15  classified for a bona fide purpose.  The Parties must take care to designate for

16  protection only those parts of material, documents, items, or oral or written

17  communications that qualify – so that other portions of material, documents, items,

18  or communications for which protection is not warranted are not swept unjusti-

19  fiably within the ambit of this Order.

20      6.    The Parties shall designate material as confidential information and

21  subject to this Order by placing the following marking on the document in a manner

22  which will not interfere with its legibility:

                              **CONFIDENTIAL**

23                        **Subject to Protective Order**

24  Documents so designated are referred to herein as "Confidential Documents."

-2-

25

7.     With respect to electronic documents, the designation of confidentiality may be made in a written transmittal accompanying the electronic documents.

8.     With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order.  In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the Parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order; pending said designation, the deposition shall be treated as Confidential during this ten (10) day period.  To the extent Confidential Documents or other information previously designated in the case as Confidential are identified as exhibits or otherwise used/discussed in a deposition, such previously designated materials and any discussion thereof that discloses the substance of such materials shall automatically be designated as Confidential and shall be subject to the full protections of this Order without need for any further designation.  A Party or person may designate only a portion of a deposition transcript as confidential within the meaning of this Order.

9.     All documents exchanged between the Parties prior to the date of entry of this Order (the "Effective Date") are subject to this Order.  The Parties may, within thirty (30) days of the Effective Date, designate any of these documents as Confidential consistent with the standards set forth in this Order; pending said designation, the documents shall be treated as Confidential during this thirty (30) day period.  Once thirty (30) days have elapsed after the Effective Date, these

-3-

documents shall be deemed not Confidential unless they have been designated by a Party as Confidential.

10.    Belated Designation:   Nothing contained herein shall preclude the Producing Party or a third party from later making such designation and notifying the Requesting Party in writing of that designation, which designation shall be deemed effective as of the date of the written notification; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the Requesting Party or its Counsel with respect to such information and consistent with any non-designation of such information prior to receipt of such notice.

11.    Information from documents (a) marked or designated **CONFIDEN-TIAL** in the manner described in Paragraphs 5-7; (b) contained in deposition transcripts designated confidential as described in Paragraph 8; or (c) exchanged between the Parties prior to the Effective Date as described in Paragraph 9, shall be treated as designated "Confidential Information."

**USE AND ACCESS TO CONFIDENTIAL DOCUMENTS**

12.    If a Party wishes to attach a Confidential Document to or use any Confidential Information in any affidavit, brief, memorandum of law, oral argument, or other paper filed in this Court in this litigation, the Party must use its best efforts to file the document under seal following the procedure set out in Local Rule 79-5.

13.    No Confidential Document or any document containing Confidential Information filed with this Court under seal may be released except upon Court Order or upon the written authorization of the Party(ies) with whom said document(s) or information originated.

14.    Except as otherwise directed by this Court, the Confidential Documents and Information produced by the Parties and protected by this Order shall be revealed only to: (a) Parties in this action (including officers and employees of any Party); (b) counsel of record for the Parties in this action and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel; (c) their retained testifying or non-testifying experts, investigators or consultants; (d) non-party witnesses (persons and/or entities) in the case; (e) the Court and Court personnel; (f) empanelled jurors and testifying witnesses (while on the stand) at trial of Plaintiffs' action against Defendants; and (g) professional vendors that provide litigation support services (i.e., photocopying, videotaping, stenography services, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

15.    With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 14, no person entitled to access to Confidential Documents or Information under this Order shall be provided with the protected documents or information unless such individual has (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A and provided same to counsel for the Party who is making the disclosure. Such counsel shall retain said affidavits through the conclusion of the litigation, whether by binding settlement or by entry of a final judgment or dismissal with prejudice in this litigation (including exhaustion of appeals or petitions for review) or some other means finally disposing of all issues raised in this litigation. No person entitled to access to Confidential Documents or Information shall discuss the contents of any such

-5-

materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

16.    Each person who reviews or inspects Confidential Documents or Information subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power.  By signing a copy of the attached affidavit, the signing person consents to the provisions of this Order and to the jurisdiction of this Court over his or her person for any proceedings involving alleged violation of this Order.

## DISPOSITION OF CONFIDENTIAL DOCUMENTS

17.    Within thirty (30) days of the conclusion of the litigation, whether by binding settlement or by entry of a final judgment or dismissal with prejudice in this litigation (including exhaustion of appeals or petitions for review) or some other means finally disposing of all issues raised in this litigation, all Confidential Documents and materials containing Confidential Information, including any and all copies, produced by either Party, shall be returned to the Producing Party.  In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each Party shall notify counsel for the opposing Parties in writing that any and all documents and material, including copies of such documents and material, produced by the opposing Parties, have been destroyed.  All copies, summaries and abstracts of such materials, however maintained, shall be kept completely confidential for the duration of the litigation, and at the conclusion of the litigation shall be returned or destroyed pursuant to the terms of this paragraph.  Notwithstanding the foregoing, Counsel for the Parties may retain their privileged and/or work product materials, including work created by hired consultants and experts, as well

-6-

as one (1) copy of all produced documents, discovery responses, deposition transcripts and exhibits, and all pleadings for their internal records.  The Court and its personnel shall be excluded from this provision of this Order.

18.    The Parties agree that they will cooperate with each other regarding materials that may be protected under the attorney-client privilege or attorney work product doctrine.  To the extent any protected materials inadvertently are produced by one side to the other, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s).  Upon receipt of a written request for return of inadvertently produced privileged materials, the receiving Party shall within five (5) business days either (a) return all copies of the materials, or (b) if the claimed privilege is contested, so advise the other Party and segregate the materials pending resolution of the dispute.  If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration.  Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

## DISPUTE RESOLUTION

19.    If any Receiving Party elects to challenge the designation of Confidentiality of any document or information pursuant to this Order, that Party shall, in writing, notify the Producing Party of its challenge.  Within fifteen (15) days of the receipt of such written notice, the Producing Party will either voluntarily remove the confidential designation or inform the challenging Party that it will not remove the confidential designation.  Thereafter, the Producing Party must move the Court

-7-

for a ruling within thirty (30) days of notice of objection, or the challenged documents or information shall be deemed not confidential.  The burden of establishing confidentiality, once challenged by the above procedure, is upon the Producing Party.  All documents, testimony or other materials designated by the Party as confidential shall retain their confidential status until such time as the Parties' contentions regarding the confidentiality are fully and finally adjudicated, including any appeal(s).

20.   Violation by any person of any provision of this Order may be punishable as contempt of Court.  Further, any Party may pursue any and all civil remedies available to it for breach of the terms of this Order.

21.   Nothing in this Order shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information, nor shall any provisions of this Order be deemed to preclude any Party from challenging the validity of the confidentiality of any materials so designated.

**SCOPE**

22.   The Confidential Documents or Information produced to any Party or others pursuant to the terms of this Order shall be used for the sole and limited purpose of prosecuting, defending, or settling this lawsuit.

23.   This Order is limited to the designation of Confidential Information during pre-trial discovery and proceedings, and not for trial or post-trial proceedings.  The Parties understand and agree that any restriction or limitation on the use of Confidential Information at trial will only be upon specific order of the Court.

24.     Following the final disposition of all claims in this litigation, the juris-
diction of the Court over this litigation shall be terminated for all purposes unless
otherwise ordered by the Court and except for purposes of enforcing the terms of
this Order.


Dated:   June 19, 2008

_____
Hon. Marc L. Goldman
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| MELISSA SCHUELER, et al., | CASE NO. SACV07-342 CJC (MLGx) |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| H&R BLOCK MORTGAGE CORPORATION, et al., | |
| Defendants. | |

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I have read the Protective Order dated _____, in the above captioned case. I understand its terms and agree that I am bound thereby.

I declare under penalty of perjury that the foregoing is true and correct this _____ day of _____, 200__ in accordance with Title 28, United States Code, Section 1746.

Signature: _____

Print Name: _____

**"EXHIBIT A"**

-10-