1 | LINDA MILLER SAVITT, SBN 94164
*lsavitt@brgslaw.com*
2 | JEFFREY P. FUCHSMAN, SBN 105651
*jfuchsman@brgslaw.com*
3 | BALLARD ROSENBERG
 GOLPER & SAVITT LLP
4 | 10 Universal City Plaza, Sixteenth Floor
Universal City, California  91608-1097
5 | Telephone:  (818) 508-3700
Facsimile:   (818) 506-4827
6 |
Nicholas L. DiVita, MO Bar No. 37514
7 | *ndivita@bowse-law.com*
Jocelyn A. Villanueva, MO Bar No. 43448
8 | *jvillanueva@bowse-law.com*
Stacey R. Gilman, SBN 186396
9 | *sgilman@bowse-law.com*
Logan W. Overman, MO Bar No. 55002
10 | *lwoverman@bowse-law.com*
Jennifer B. Wieland, SBN 223841
11 | *jwieland@bowse-law.com*
BERKOWITZ OLIVER WILLIAMS
12 |  SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
13 | Kansas City, Missouri  64108
Telephone:  (816) 561-7007
14 | Facsimile:   (816) 561-1888

15 | Attorneys for Defendants
H&R BLOCK MORTGAGE
16 | CORPORATION and OPTION ONE
MORTGAGE CORPORATION

**FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT**

**JUN 26 2008**

**CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY**

17 |
## UNITED STATES DISTRICT COURT
18 | ## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

19 | MELISSA SCHUELER, et al.,          CASE NO. SACV07-342 CJC (MLGx)

20 |          Plaintiffs,          **FIRST AMENDED ANSWER**

21 | vs.          Date:
Time:
22 | H&R BLOCK MORTGAGE          Complaint Date:  March 23, 2007
CORPORATION, et al.,          Judge:  Cormac J. Carney
Courtroom:  9B
23 |          Defendants.

24 |

25 |

1    NOW COME defendants H&R Block Mortgage Corporation ("HRBMC")

2  and Option One Mortgage Corporation ("OOMC") (collectively, "Defendants"),

3  by and through their counsel, Berkowitz Oliver Williams Shaw & Eisenbrandt

4  LLP, by Nicholas L. DiVita, Jocelyn A. Villanueva, Stacey R. Gilman, Logan W.

5  Overman, and Jennifer B. Wieland, and Ballard Rosenberg Golper & Savitt, LLP,

6  by Linda Miller Savitt and Jeffrey P. Fuchsman, and answer the First Amended

7  Complaint of Plaintiffs Melissa Schueler, Eduardo Figueroa, and Christopher

8  Karalis ("Plaintiffs"), as follows:

9                              **JURISDICTION**

10    1.    In response to the allegations in Paragraph 1 of the First Amended

11  Complaint, and without admitting that there is any legitimate basis for Plaintiffs'

12  claims, Defendants admit that Plaintiffs are asserting claims under the Fair Labor

13  Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and California State law.

14  Defendants further admit that 28 U.S.C. § 1331 grants federal court jurisdiction

15  over Plaintiffs' FLSA claims.  Defendants deny that 28 U.S.C. § 1367(a) grants

16  supplemental federal court jurisdiction over Plaintiffs' California state law claims.

17  Defendants admit that the United States District Court for the Central District of

18  California has jurisdiction over this case.  Defendants specifically deny any liabil-

19  ity to Plaintiffs and further deny that Plaintiffs are entitled to relief or damages

20  under the referenced statutes, or to any other relief or damages.

21    2.    Defendants admit the allegations in Paragraph 2 of the First Amended

22  Complaint.

23

24

25

1

## VENUE

2        3.        Defendants admit the allegations in Paragraph 3 of the First Amended

3    Complaint.

4        4.        Defendants admit that Plaintiffs worked exclusively for Defendants in

5    Orange County, California.  Defendants deny the remaining allegations in Para-

6    graph 4 of the First Amended Complaint and specifically deny that there is any

7    legitimate basis for Plaintiffs' claims.  Defendants specifically deny that any

8    events, omissions, or decisions occurred as alleged in Plaintiffs' First Amended

9    Complaint and further affirmatively state that Defendants' Loan Officers, includ-

10   ing the Plaintiffs, were and are properly classified as non-exempt under the FLSA

11   and related provisions of California state law, were and are entitled to receive

12   overtime pay, and did and do receive overtime pay based on properly calculated

13   regular rates of pay.

14

## NATURE OF THE CASE

15       5.        In response to the allegations in Paragraph 5 of the First Amended

16   Complaint, Defendants deny that there is any legitimate basis for Plaintiffs' claims;

17   however, Defendants admit that Plaintiffs purport to bring their lawsuit indi-

18   vidually and on behalf of other individuals who are or were employed by Defen-

19   dants as Loan Officers within the State of California.  Defendants specifically deny

20   that Plaintiffs and Defendants' other California Loan Officers are similarly situated

21   to justify class/collective treatment of Plaintiffs' claims, as there are not similar

22   legal claims and/or factual characteristics.  Defendants further admit that Plaintiffs

23   are seeking the form of relief set forth in the First Amended Complaint, but

24   specifically deny any liability to Plaintiffs and further deny that Plaintiffs are enti-

25

-3-

1  tled to relief or damages under the referenced statutes, or to any other relief or

2  damages.

3       Defendants affirmatively state that their policy is that all of their California

4  Loan Officers, including Plaintiffs, are not exempt from the requirements of the

5  FLSA and California state law; as such, they are entitled to overtime compensation

6  at the rate of one-and-one-half times, and double time compensation at the rate of

7  two times, their respective regular rates of pay (which regular rates of pay are

8  calculated to include all compensation required by the FLSA and California state

9  law) for their overtime and double time hours actually worked and accurately

10  recorded.  To that end, Defendants further affirmatively state that, between

11  March 23, 2003, and March 23, 2007, they paid approximately 11,200 hours in

12  overtime and double time compensation to California Loan Officers.  Defendants

13  further affirmatively state that their policy is to provide all California Loan Offi-

14  cers with meal periods of at least thirty minutes in length each day they work in

15  excess of five hours.  Defendants further affirmatively state that their policy is to

16  provide all California Loan Officers with timely and accurate wage statements

17  itemizing, among other things, their gross wages and total number of hours

18  worked.  Defendants further affirmatively state that their policy is that, upon

19  voluntary termination of employment with Defendants, California Loan Officers

20  are entitled to their final compensation within seventy-two hours; upon involuntary

21  termination of employment with Defendants, California Loan Officers are entitled

22  to their final compensation immediately.  Defendants further affirmatively state

23  that their policies are communicated to all of their employees, including their Cali-

24  fornia Loan Officers, through their initial orientation, training materials, presen-

25

-4-

1   tations, and personal demonstrations, and that each California Loan Officer has

2   been trained on the PeopleSoft Software program for the entry of all hours actually

3   worked, including overtime and double time hours.

4                                         **PARTIES**

5        6.     In response to the allegations in Paragraph 6 of the First Amended

6   Complaint, Defendants admit that Plaintiff Melissa Schueler was employed by

7   HRBMC as a Loan Officer in Defendants' Lake Forest location from August 23,

8   2004, until May 31, 2006, and that during that time, on information and belief, she

9   was a resident of Orange County, California. In all other respects, the allegations

10   in Paragraph 6 of the First Amended Complaint are denied.

11        7.     In response to the allegations in Paragraph 7 of the First Amended

12   Complaint, Defendants admit that Plaintiff Eduardo Figueroa was employed by

13   HRBMC as a Loan Officer in Defendants' Irvine location, which was formerly

14   located in Lake Forest, from July of 2002 until April of 2007, and that during that

15   time, on information and belief, he was a resident of Orange County, California.

16   In all other respects, the allegations in Paragraph 7 of the First Amended

17   Complaint are denied.

18        8.     In response to the allegations in Paragraph 8 of the First Amended

19   Complaint, Defendants admit that Plaintiff Christopher Karalis was employed by

20   HRBMC as a Loan Officer in Defendants' Lake Forest location from January of

21   2005 until May of 2006, and that during that time, on information and belief, he

22   was a resident of Orange County, California. In all other respects, the allegations

23   in Paragraph 8 of the First Amended Complaint are denied.

24

25

1     9.     Defendants admit that Plaintiffs were Loan Officer and that Loan

2    Officers perform different tasks, but deny the listing of tasks or functions as

3    alleged in Paragraph 9 of the First Amended Complaint.  In all other respects, the

4    allegations in Paragraph 9 of the First Amended Complaint are denied.

5                        **DEFENDANTS**

6     10.    Defendants admit the allegations in Paragraph 10 of the First

7    Amended Complaint.

8     11.    Defendants admit the allegations in Paragraph 11 of the First

9    Amended Complaint.

10     12.    Defendants deny the allegations in Paragraph 12 of the First Amended

11    Complaint.

12     13.    In response to the allegations in Paragraph 13 of the First Amended

13    Complaint, Defendants are without knowledge or information sufficient to form a

14    belief as to whether Plaintiffs have information and belief sufficient to allege

15    claims against fictitious defendants Does 1 through 10, and therefore deny the

16    same.  Defendants specifically deny any liability to Plaintiffs and further deny that

17    Plaintiffs are entitled to relief or damages under the referenced statutes, or to any

18    other relief or damages.

19     14.    In response to the allegations in Paragraph 14 of the First Amended

20    Complaint, Defendants admit that Plaintiffs' First Amended Complaint uses the

21    term "Defendants" to refer to H&R Block Mortgage Corporation, Option One

22    Mortgage Corporation, and Does 1 to 10, but specifically deny any liability to

23    Plaintiffs and further deny that Plaintiffs are entitled to relief or damages under the

24    referenced statutes, or to any other relief or damages.

25

15.   In response to the allegations in Paragraph 15 of the First Amended Complaint, Defendants admit that they are, and at all times relevant to the First Amended Complaint were, persons doing business in the State of California. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs have information and belief sufficient to allege claims against fictitious defendants Does 1 through 10, and therefore deny that such fictitious defendants were, at all times relevant to the First Amended Complaint, persons doing business in the State of California.  Defendants admit that, as persons doing business in the State of California, they were competing with similar business enterprises, but deny that such competition was unfair, fraudulent, or in any way unlawful.  Defendants deny any liability to Plaintiffs and further deny that Plaintiffs are entitled to relief or damages under the referenced statutes, or to any other relief or damages.

16.   Defendants deny the allegations in Paragraph 16 of the First Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS
### The FLSA Collective Action

17.   In response to the allegations in Paragraph 17 of the First Amended Complaint, and without admitting that there is any legitimate basis for collective treatment of Plaintiffs' claims, Defendants admit that Plaintiffs purport to bring their First Claim for Relief on behalf of a group of similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Defendants specifically deny any liability to Plaintiffs and further deny that Plaintiffs are entitled to relief or damages under the referenced statutes, or to any other relief or damages, and specifically deny that

1  there are any similarly situated employees; therefore, Plaintiffs are not entitled to a

2  collective action of any claims.

3      18.    In response to the allegations in Paragraph 18 of the First Amended

4  Complaint, Defendants admit that Plaintiffs and other Loan Officers employed by

5  HRBMC in California performed some generally similar tasks, had some generally

6  similar duties, were subject to the same requirements under the FLSA, and were

7  subject to similar, though not identical, pay plans. Defendants deny that these facts

8  render Plaintiffs and other California Loan Officers "similarly situated" as that

9  phrase is used by 29 U.S.C. § 216(b), as there are no similar factual and/or legal

10  characteristics. Defendants further admit that some of their California Loan Offi-

11  cers, including some of the Plaintiffs, have worked in excess of forty hours per

12  week, but specifically deny that they were not paid at the rate of one-and-one-half

13  times their respective regular rates of pay (which regular rates of pay are calculated

14  to include all compensation required by law) for their overtime hours worked.

15      Defendants affirmatively state that their policy is that all California Loan

16  Officers, including Plaintiffs, are not exempt from the overtime requirements of the

17  FLSA; as such, they are entitled to overtime compensation at the rate of one-and-

18  one-half times their respective regular rates of pay, which regular rates of pay are

19  calculated to include all compensation required by law, for their overtime hours

20  actually worked and accurately recorded. To that end, Defendants further affirma-

21  tively state that, between March 23, 2003, and March 23, 2007, they paid approxi-

22  mately 11,200 hours in overtime and double time compensation to California Loan

23  Officers. Defendants further affirmatively state that their policies are communi-

24

25

1  cated to all of their employees, including their California Loan Officers, through

2  training materials, presentations, and personal demonstrations.

3      19.    Defendants deny the allegations in Paragraph 19 of the First Amended

4  Complaint.

## CLASS ACTION ALLEGATIONS
### The Rule 23 Class of California Loan Officers

6      20.    In response to the allegations in Paragraph 20 of the First Amended

7  Complaint, and without admitting that there is any legitimate basis for class treat-

8  ment of Plaintiffs' claims, Defendants admit that Plaintiffs purport to bring their

9  Second, Third, Fourth, and Fifth Claims for Relief on behalf of a group of indi-

10 viduals pursuant to Federal Rule of Civil Procedure 23.  Defendants specifically

11 deny that Plaintiffs will be able to establish the requirements for certification under

12 Rule 23 and deny any liability to Plaintiffs, and further deny that Plaintiffs are enti-

13 tled to relief or damages under the referenced statutes or to any other relief or

14 damages.

15      21.    In response to the allegations in Paragraph 21 of the First Amended

16 Complaint, and without admitting that there is any legitimate basis for class treat-

17 ment of the Plaintiffs' claims, Defendants admit that there exist more than 200

18 current and former employees who have performed work as Loan Officers in the

19 State of California.  Defendants deny the remaining allegations in Paragraph 21 of

20 the First Amended Complaint.

21      22.    Defendants deny the allegations in Paragraph 22 of the First Amended

22 Complaint.

23      23.    In response to the allegations in Paragraph 23 of the First Amended

24 Complaint, Defendants deny that common questions of fact predominate over indi-

25

-9-

1   vidual issues with regard to the claims of the California Loan Officers. Defendants

2   further deny that they had a uniform or regular policy of requiring, suffering, or

3   permitting California Loan Officers to work more than forty hours in a week

4   and/or eight in a day. Defendants further deny that they had a uniform or regular

5   policy of prohibiting or discouraging California Loan Officers from recording

6   hours they actually worked in excess of forty in a week or eight in a day. Defen-

7   dants further deny that they had a uniform or regular policy of not paying Cali-

8   fornia Loan Officers at least one-and-one-half times their respective regular rates

9   of pay for all hours worked in excess of forty in a week or eight in a day. Defen-

10  dants further deny that they had a uniform or regular policy of improperly calcu-

11  lating the regular rates of pay and the amount of overtime owed to California Loan

12  Officers.

13      Defendants affirmatively state that they properly pay their California Loan

14  Officers overtime compensation when it is due under the FLSA and/or California

15  state law, and that between March 23, 2003, and March 23, 2007, they paid

16  approximately 11,200 hours in overtime and double time compensation to Cali-

17  fornia Loan Officers. Defendants admit that some of the job duties of California

18  Loan Officers are generally similar. Defendants further admit that California Loan

19  Officers are paid according to a similar, though not identical, compensation

20  system, but affirmatively state that this system includes the payment of overtime

21  and double time compensation—based on properly calculated regular rates of

22  pay—when it is due under the FLSA and/or California state law. Defendants

23  further admit that California Loan Officers are not exempt from the overtime

24  requirements of the FLSA and/or California state law.

25
-10-

1    Defendants further affirmatively state that their policy is to provide all Cali-

2    fornia Loan Officers with meal periods of at least thirty minutes in length each day

3    they work in excess of five hours.  Defendants further affirmatively state that their

4    policy is to provide all California Loan Officers with timely and accurate wage

5    statements itemizing, among other things, their gross wages and total number of

6    hours worked.  Defendants further affirmatively state that their policy is that, upon

7    voluntary termination of employment with Defendants, California Loan Officers

8    are entitled to their final compensation within seventy-two hours; upon involuntary

9    termination of employment with Defendants, California Loan Officers are entitled

10    to their final compensation immediately.

11    Therefore, Defendants affirmatively state that if there is an issue regarding

12    overtime pay, that issue is unique to the individual and is not a common question

13    to any other California Loan Officer.  Specifically, each individual California Loan

14    Officer must prove, among other things, that he or she worked in excess of forty

15    hours in a given week or eight hours in a given day, was suffered or permitted to

16    work overtime, and did not receive overtime compensation.

17    24.    In response to the allegations in Paragraph 24 of the First Amended

18    Complaint, Defendants deny that common questions of law predominate over indi-

19    vidual issues with respect to the California Loan Officers' claims.  Defendants

20    admit that their California Loan Officers were and are properly classified as non-

21    exempt for purposes of the FLSA and California Labor Code and that, as such,

22    they were and are entitled to overtime compensation, based on properly calculated

23    regular rates of pay, for the hours they actually work and accurately record in

24

25

1  excess of forty per week and/or eight per day.  Defendants deny the remaining

2  allegations in Paragraph 24 of the First Amended Complaint.

3      25.    Defendants deny the allegations in Paragraph 25 of the First Amended

4  Complaint.

5      26.    Defendants are without knowledge or information sufficient to form a

6  belief as to whether Plaintiffs and their counsel can adequately represent the inter-

7  ests of all California Loan Officers or have no known conflicts of interest with any

8  of the putative class members, and therefore deny the allegations of Paragraph 26

9  of the First Amended Complaint.

10     27.    Defendants deny the allegations of Paragraph 27 of the First Amended

11  Complaint.

12     28.    Defendants deny the allegations of Paragraph 28 of the First Amended

13  Complaint.

14  **FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF THE FLSA**

15
16  (By Plaintiffs Individually and as a Collective Action on Behalf of All Similarly
Situated California Loan Officers Who May Opt In, Against All Defendants)

17     29.    Defendants incorporate by reference and re-allege their answers to all

18  preceding Paragraphs 1–19 as though fully set forth herein and deny any and all

19  express or implied allegations raised in Plaintiffs' First Amended Complaint not

20  specifically denied above.

21     30.    Defendants admit the allegations in Paragraph 30 of the First

22  Amended Complaint.

23     31.    Defendants deny the allegations in Paragraph 31 of the First Amended

24  Complaint and affirmatively state that their policy is that all of their California

25  -12-

1    Loan Officers, including Plaintiffs, are not exempt from the overtime requirements

2    of the FLSA; as such, if they actually work and accurately record in excess of forty

3    hours per week, they are entitled to and are paid overtime compensation at the rate

4    of one-and-one-half times their respective regular rates of pay—which regular

5    rates of pay are calculated to include all compensation required by law—for their

6    overtime hours actually worked and accurately recorded.

7        32.    Defendants deny the allegations in Paragraph 32 of the First Amended

8    Complaint.

9        33.    Defendants deny the allegations in Paragraph 33 of the First Amended

10   Complaint.

11       34.    Defendants deny the allegations in Paragraph 34 of the First Amended

12   Complaint.

13       35.    Defendants deny the allegations in Paragraph 35 of the First Amended

14   Complaint.

15       36.    Defendants admit that Plaintiffs and all of Defendants' California

16   Loan Officers were properly classified as not exempt from the requirements under

17   the FLSA to be paid overtime wages.  Defendants deny the remaining allegations

18   in Paragraph 36 of the First Amended Complaint.

19       37.    Defendants deny the allegations in Paragraph 37 of the First Amended

20   Complaint.

21       38.    Defendants deny the allegations in Paragraph 38 of the First Amended

22   Complaint.

23       39.    Defendants deny the allegations in Paragraph 39 of the First Amended

24   Complaint.

25

40.    Without admitting that there is any basis to any of Plaintiffs' allega-
tions, or that Plaintiffs are entitled to any recovery whatsoever (whether individu-
ally or as members of a collective action), or that there are any individuals simi-
larly situated to any of the Plaintiffs, Defendants admit that Plaintiffs are seeking
the recovery set forth in Paragraph 40 of the First Amended Complaint.

### SECOND CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA LABOR CODE—FAILURE TO PAY OVERTIME

(By Plaintiffs Individually, and as a Class Action, Against All Defendants)

41.    Defendants incorporate by reference and re-allege their answers to all
preceding Paragraphs 1–16 and 20–28 as though fully set forth herein and deny
any and all express or implied allegations raised in Plaintiffs' First Amended Com-
plaint not specifically denied above.

42.    To the extent the allegations in Paragraph 42 of the First Amended
Complaint state a legal conclusion, no response is required; however, Defendants
admit that those allegations accurately state the law.  Defendants specifically deny
violating section 1198 of the California Labor Code or any other sections of state
or federal law.

43.    Defendants deny the allegations in Paragraph 43 of the First Amended
Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the First Amended
Complaint and affirmatively state that their policy is that all of their California
Loan Officers, including Plaintiffs, are not exempt from the requirements of the
FLSA and California state law; as such, they are entitled to overtime compensation
at the rate of one-and-one-half times, and double time compensation at the rate of

-14-

two times, their respective regular rates of pay (which regular rates of pay are calculated to include all compensation required by the FLSA and California state law) for their overtime and double time hours actually worked and accurately recorded.

45.    Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.    Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47.    Defendants deny the allegations in Paragraph 47 of the First Amended Complaint and affirmatively state that their policy is that, upon voluntary termination of employment with Defendants, California Loan Officers are entitled to their final compensation within seventy-two hours; upon involuntary termination of employment with Defendants, California Loan Officers are entitled to their final compensation immediately.

48.    Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50.    Without admitting that there is any basis to any of Plaintiffs' allegations, or that Plaintiffs are entitled to any recovery whatsoever (whether individually or as members of a class action), or that there are any individuals similarly situated to any of the Plaintiffs, Defendants admit that Plaintiffs are seeking the recovery set forth in Paragraph 50 of the First Amended Complaint.

1

2

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA LABOR CODE—FAILURE
### TO PROVIDE STATUTORILY REQUIRED MEAL PERIODS

3    (By Plaintiffs Individually, and as a Class Action Against All Defendants)

4    51.    Defendants incorporate by reference and re-allege their answers to all

5    preceding Paragraphs 1–16 and 20–28 as though fully set forth herein and deny

6    any and all express or implied allegations raised in Plaintiffs' First Amended Com-

7    plaint not specifically denied above.

8    52.    Defendants deny the allegations in Paragraph 52 of the First Amended

9    Complaint and affirmatively state that their policy is that all of their California

10   Loan Officers, including Plaintiffs, are entitled to meal periods of at least thirty

11   minutes in length every day they work in excess of five hours.

12   53.    Defendants deny the allegations in Paragraph 53 of the First Amended

13   Complaint.

14   54.    Defendants deny the allegations in Paragraph 54 of the First Amended

15   Complaint.

16   55.    Without admitting that there is any basis to any of Plaintiffs' allega-

17   tions, or that Plaintiffs are entitled to any recovery whatsoever (whether individu-

18   ally or as members of a class action), or that there are any individuals similarly

19   situated to any of the Plaintiffs, Defendants admit that Plaintiffs are seeking the

20   recovery set forth in Paragraph 55 of the First Amended Complaint.

21

22

23

24

25

-16-

1

2

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF CALIFORNIA LABOR CODE § 226—FAILURE**
**TO PROVIDE PROPER ITEMIZED WAGE STATEMENTS**

3    (By Plaintiffs Individually and as a Class Action Against All Defendants)

4    56.    Defendants incorporate by reference and re-allege their answers to all

5    preceding Paragraphs 1–16 and 20–28 as though fully set forth herein and deny

6    any and all express or implied allegations raised in Plaintiffs' First Amended Com-

7    plaint not specifically denied above.

8    57.    To the extent the allegations in Paragraph 57 of the First Amended

9    Complaint state a legal conclusion, no response is required; however, Defendants

10   admit that those allegations accurately state the law.  Defendants specifically deny

11   violating section 226 of the California Labor Code or any other sections of state or

12   federal law.

13   58.    Defendants deny the allegations in Paragraph 58 of the First Amended

14   Complaint and affirmatively state that their policy is to provide all California Loan

15   Officers with timely and accurate wage statements itemizing, among other things,

16   their gross wages and total number of hours worked.

17   59.    Without admitting that there is any basis to any of Plaintiffs' allega-

18   tions, or that Plaintiffs are entitled to any recovery whatsoever (whether individu-

19   ally or as members of a class action), or that there are any individuals similarly

20   situated to any of the Plaintiffs, Defendants admit that Plaintiffs are seeking the

21   recovery set forth in Paragraph 59 of the First Amended Complaint.

22

23

24

25

-17-

### FIFTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES, PREDICTATED ON DEFENDANTS'
### VIOLATIONS OF FLSA AND CALIFORNIA LABOR CODE

(By Plaintiffs Individually and as a Class Action Against All Defendants)

60.   Defendants incorporate by reference and re-allege their answers to all preceding Paragraphs 1–19 and 29–59 as though fully set forth herein and deny any and all express or implied allegations raised in Plaintiffs' First Amended Complaint not specifically denied above.

61.   Defendants admit the allegations in Paragraph 61 of the First Amended Complaint.

62.   Without admitting that there is any basis to any of Plaintiffs' allegations, Defendants admit that, given the fact that Plaintiffs and Defendants' California Loan Officers are or were employed in the State of California, all of Defendants' actions concerning them occurred within the State of California. Defendants deny the remaining allegations in Paragraph 62 of the First Amended Complaint.

63.   Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64.   Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65.   Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66.   Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67.    Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69.    Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71.    Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny all remaining allegations and Plaintiffs' right to damages or relief in Plaintiffs' Prayer for Relief as set forth in the First Amended Complaint, and further, to the extent that Plaintiffs state legal conclusions, no answer is required.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiffs are entitled to a jury trial because of the obligation to arbitrate their disputes as set forth in the Seventh Defense as stated below.  Further, Defendants deny that Plaintiffs are entitled to a trial by jury on all or some of the issues before this Court.

## STATEMENT OF DEFENSES

### FIRST DEFENSE
(Failure to State a Cause of Action)

1   Plaintiffs have failed to state a claim upon which relief may be granted

2   because, among other reasons, Plaintiffs were paid in accordance with Defendants'

3   policies, which policies include that California Loan Officers, including Plaintiffs,

4   are not exempt from the requirements of the FLSA or the California Labor Code

5   (including all Wage Orders and regulations promulgated thereunder); as such, they

6   are entitled to (1) overtime compensation at the rate of one-and-one-half times, and

7   double time compensation at the rate of two times, their respective regular rates of

8   pay—which regular rates of pay are calculated to include all compensation

9   required by the FLSA and California state law—for the overtime and double time

10  hours they actually work and accurately record; (2) meal periods of at least thirty

11  minutes in length each day they work in excess of five hours; (3) timely payment

12  of compensation upon termination of employment; and (4) timely and accurate

13  wage statements itemizing, among other things, their gross wages and total number

14  of hours worked.

15      Plaintiffs have further failed to state a claim upon which relief may be

16  granted against Does 1-10, as they have failed to allege facts which would support

17  a claim that individual employees exercised "operational control" making them an

18  "employer" under the FLSA or which would support a claim for piercing the

19  corporate veil against any individual Defendants.

20                    **SECOND DEFENSE**
                    (Statute of Limitations)
21
22      To the extent that the period of time referred to in the First Amended

    Complaint, or the period of time alleged later in this action, predates the applicable
23
    limitations periods set forth in 29 U.S.C. § 255(a), Cal. Bus. & Prof. Code § 17208,
24

25                              -20-

1  Cal. Code of Civ. Proc. § 338(a), Cal. Code of Civ. Proc. § 340, and any other

2  applicable limitations periods, such claims are time-barred.

### THIRD DEFENSE
(Good Faith/Reasonable Conduct; Not Willful)

Plaintiffs' claims are barred in whole or in part by the provisions of 29

U.S.C. § 260 and any applicable provisions of the California Labor Code (includ-

ing all Wage Orders and regulations promulgated thereunder) because any acts or

omissions giving rise to this action were done in good faith, in conformity with,

and reliance upon, written administrative regulations, orders, rulings, guidelines,

approvals and/or interpretations of federal and California agencies, and on the

basis of a good-faith and reasonable belief that Defendants had complied fully with

federal and state wage and hour laws.  Such good faith and reasonable belief is also

a complete defense to any claim Plaintiffs make for liquidated damages, attorneys'

fees, and/or other penalties.

### FOURTH DEFENSE
(Activities were Preliminary or Postliminary to Principal Activities)

Plaintiffs' claims are barred in whole or in part by the provisions of 29

U.S.C. § 254 and any applicable provisions of the California Labor Code (includ-

ing all Wage Orders and regulations promulgated thereunder) as to all hours during

which Plaintiffs were engaged in activities which were preliminary or postliminary

to their principal activities.

### FIFTH DEFENSE
(*De Minimis Non Curet Lex*)

To the extent Plaintiffs' claims are viable, they are barred in whole or in part

by the doctrine of *de minimis non curet lex*.

## SIXTH DEFENSE
(Estoppel, Unclean Hands, Waiver, and/or Laches)

To the extent discovery reveals that Plaintiffs falsely reported their hours or intentionally skipped their meal periods, and there is no evidence that Defendants required the false reporting of hours or skipping of meal periods, no evidence that Defendants encouraged Plaintiffs to falsely report their hours or skip their meal periods, and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours or skipping their meal periods, Defendants hereby invoke the doctrines of estoppel, unclean hands, waiver, and/or laches to bar Plaintiffs' claims.

## SEVENTH DEFENSE
(Arbitration)

Plaintiffs executed employment agreements, entitled "Salesperson Agreement," which require the arbitration of disputes concerning the hours, terms, and conditions of their employment, which include the claims they allege before this Court. As such, their claims should not be adjudicated before this Court, but rather, upon the appropriate motion, this Court should stay this lawsuit and compel arbitration according to the terms of the Plaintiffs' Salesperson Agreements and the Federal Arbitration Act, 9 U.S.C. § 3. Additionally, pursuant to said Salesperson Agreements, the Plaintiffs cannot prosecute their claims through a class or collective action, but must pursue any claims individually.

## EIGHTH DEFENSE
(No Class Action)

To the extent Plaintiffs assert FLSA claims on behalf of other individuals, there are no current or former employees of Defendants who are similarly situated

to Plaintiffs as that term is defined and/or interpreted under 29 U.S.C. § 216(b) and related case law, as there are no similar factual and legal characteristics.

Plaintiffs have further failed to allege sufficient facts to meet any of the prerequisites required to support a class action under Rule 23 of the Federal Rules of Civil Procedure.

## NINTH DEFENSE
### (Standing)

To the extent Plaintiffs have not personally suffered injuries in fact or lost money or property as a result of any alleged unfair competition under California's Unfair Competition Law (the "UCL"), they lack standing to prosecute the claims of other California Loan Officers, and the claims are barred by Proposition 64, which amended the UCL on November 3, 2004.

## TENTH DEFENSE
### (Preemption)

To the extent Plaintiffs are asserting claims under the UCL on behalf of a class of similarly situated individuals, predicated on alleged violations of the FLSA, those claims are preempted by the FLSA, in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA because (1) Congress has mandated an opt-in collective action procedure for claims under the FLSA, whereas Plaintiffs seek to litigate their First Claim for Relief as an opt-out class action, pursuant to the Federal Rules of Civil Procedure, through their Fifth Claim for Relief; and (2) Congress has prescribed a two- or three-year statute of limitations for violation of the FLSA, whereas Plaintiffs seek

1  to apply a four-year statute of limitations under the California Business and Profes-

2  sions Code §§ 17200 *et seq.*

### ELEVENTH DEFENSE
(Unconstitutional Class Action)

Certification of a class action under the circumstances of this case would violate Defendants' rights under the United States Constitution and the California Constitution.

### TWELFTH DEFENSE
(Unjust, Arbitrary and Oppressive or Confiscatory Penalties)

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive or confiscatory.

### THIRTEENTH DEFENSE
(Unconstitutional UCL Claims)

To the extent the Court declines to certify a class under the Federal Rules of Civil Procedure with respect to Plaintiffs' claims, maintenance of those claims as "representative" actions under the California Business and Professions Code would violate both the 2004 amendments to Sections 17203 and 17535 of the California Business and Professions Code and the Due Process Clause of the California and United States Constitutions by authorizing actions to be brought on behalf of a class without requiring class certification of persons allegedly injured by the challenged act or practice.  Moreover, any finding of liability pursuant to the California Business and Professions Code would violate the Due Process Clause of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business and Professions Code are unduly vague and subjective, and

-24-

1   permit retroactive, random, arbitrary, and capricious punishment that serves no

2   legitimate governmental interest.  Finally, any award of restitution under the Cali-

3   fornia Business and Professions Code would violate the Excessive Fines and Due

4   Process Clauses of the United States and California Constitutions.

5                           **FOURTEENTH DEFENSE**
                              (Setoff and Recoupment)
6
7        To the extent Plaintiffs have sustained any damages, Defendants are entitled

8   under the equitable doctrine of setoff and recoupment to offset all obligations of

9   the Plaintiffs owed to Defendants against any judgment that may be entered against

10  Defendants.

11                          **FIFTEENTH DEFENSE**
                              (Failure to Mitigate)
12
13       Plaintiffs' claims are barred in whole or in part by their failure to mitigate

    damages.

14                          **SIXTEENTH DEFENSE**
                              (No Jury Trial)
15
16       Plaintiffs are not entitled to have equitable issues or matters of law tried to a

17  jury, and Plaintiffs' demand for a jury trial (if any) should be so limited.

18                        **SEVENTEENTH DEFENSE**
                  (Failure to Plead With Sufficient Particularity)

19       The First Amended Complaint does not describe the claims or facts with

20  sufficient particularity to permit Defendants to ascertain what other defenses may

21  exist.  Defendants will rely on any and all further defenses that become available or

22  appear during discovery in this action and specifically reserve the right to amend

23  this Answer for the purpose of asserting such additional defenses or claims which

24  may become known during the course of this case.

25
                                    -25-

## EIGHTEENTH DEFENSE
### (Paid all Sums)

The First Amended Complaint, and each purported claim contained therein, is barred because Defendants have paid Plaintiffs and the members of the putative class they purport to represent all sums due them.

## NINETEENTH DEFENSE
### (Consent)

The First Amended Complaint, and each purported claim contained therein, is barred because Plaintiffs and/or members of the putative class they purport to represent consented to the alleged conduct of Defendants.

## TWENTIETH DEFENSE
### (Impermissible Representative Action)

Plaintiffs, and each of the purported class members they seek to represent, are barred from obtaining relief against Defendants because California Business and Professions Code § 17200, *et seq.*, does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

## TWENTY-FIRST DEFENSE
### (Material Representation of Full and Proper Payment)

To the extent the Plaintiffs or any of the putative class members they purport to represent executed severance agreements pursuant to the termination of their employment with Defendants, their claims for additional compensation are subject to the material representation of full and proper payment for all hours worked they made as a material inducement for Defendants to enter into such severance agreements and provide the payments described therein.

### TWENTY-SECOND DEFENSE
(Accord and Satisfaction, Release and/or Waiver)

To the extent Plaintiffs or any of the proposed class members executed severance or separation agreements with Defendants, their state law claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, release and/or waiver.

### TWENTY-THIRD DEFENSE
(Settlement and Compromise)

The state law claims of Plaintiffs or proposed class members may be barred, in whole or in part, because they have been settled or compromised pursuant to separation agreements with Defendants.

### TWENTY-FOURTH DEFENSE

Plaintiffs' state law claims may not be allowed to proceed as a class action with plaintiffs' FLSA claims because the opt-out procedures potentially applicable to such state law claims are inherently incompatible with the opt-in procedures under the FLSA, and the Court may decline to exercise jurisdiction over such claims.

WHEREFORE, Defendants Pray for Judgment as follows:  That Plaintiffs' First Amended Complaint be dismissed with prejudice, that Defendants be awarded judgment in their favor and against Plaintiffs, that Defendants be awarded reasonable attorneys' fees and costs, and that the Court award Defendants such other and further relief as it may deem just and proper.

1   DATED:  June 20, 2008                    /s/ Jennifer B. Wieland
2                                     NICHOLAS L. DIVITA
                                      JOCELYN A. VILLANUEVA
3                                     STACEY R. GILMAN
                                      LOGAN W. OVERMAN
4                                     JENNIFER B. WIELAND
                                      BERKOWITZ OLIVER WILLIAMS
5                                        SHAW & EISENBRANDT, LLP
                                      2600 Grand Boulevard, Suite 1200
6                                     Kansas City, Missouri  64108
                                      Telephone:  (816) 561-7007
7                                     Facsimile:   (816) 561-1888
                                      E-Mail:     ndivita@bowse-law.com
8                                                 jvillanueva@bowse-law.com
                                                  sgilman@bowse-law.com
9                                                 lwoverman@bowse-law.com
                                                  jwieland@bowse-law.com
10

11                                    LINDA MILLER SAVITT
                                      JEFFREY P. FUCHSMAN
12                                    BALLARD ROSENBERG GOLPER
                                         & SAVITT, LLP
13                                    10 Universal City Plaza, 16th Floor
                                      Universal City, California  91608-1097
14                                    Telephone:  (818) 508-3700
                                      Facsimile:   (818) 506-4827
15                                    E-Mail:     lsavitt@brgslaw.com
                                                  jfuchsman@brgslaw.com
16

17                                    **ATTORNEYS FOR DEFENDANTS**
18

19

20

21

22

23

24

25
                                      -28-